**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                                )
                                                                )
USA MEDICAL, LLC                                  )
                          Plaintiff,                          )
                                                                )
                                                                )
              v.                                              )
                                                                )
SIMPLEX DIABETIC SUPPLY, INC., and     )
DIABETES CARE CLUB, LLC                    )
                          Defendants.                      )
                                                                )
_____)

**COMPLAINT AND DEMAND FOR JURY TRIAL**
_____

**INTRODUCTORY STATEMENT**

This is an action for copyright infringement and unfair competition arising from

Defendants' production of a television commercial that directly infringes copyrights belonging to

Plaintiff in violation of Title 17 of the United States Code.

**PARTIES**

1.      Plaintiff USA Medical, LLC ("USA Medical") is a Massachusetts limited liability

corporation having its principal place of business located at 225 Cedar Hill Street, Marlboro, MA

01752.

2.      Upon information and belief, Defendant Simplex Diabetic Supply, Inc. is a

Tennessee corporation having a place of business at 210 Westwood Place, Suite 400, Brentwood,

TN 37027 ("Simplex").

3.     Upon information and belief, Defendant Diabetes Care Club, LLC is a Tennessee limited liability corporation having a place of business at 210 Westwood Place, Suite 400, Brentwood, TN 37027 ("DCC").  Upon information and belief, DCC is a subsidiary of Simplex.

## JURISDICTION AND VENUE

4.     The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331, 1332 and 1338, as this case arises under the copyright laws of the United States Code, Title 17.

5.     This Court has personal jurisdiction over Defendants based on what is believed to be their intentional violations of law within this judicial district and the injuries that Defendants intended to cause and have caused within this judicial district.  Further, upon information and belief, Defendants and/or their agents transact business and/or offer to transact business within the Commonwealth of Massachusetts.

6.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

7.     USA Medical is a wholly owned subsidiary of Cricket Holdings, LLC ("Cricket").  Cricket is in the business of creating marketing programs, including television commercials, for consumer, medical and other products and services.  USA Medical was established to help implement a marketing program for the Defendants.

8.     Simplex and DCC are in the business of selling diabetes testing supplies.

9.     In or about March 2008, Simplex asked Cricket to create a marketing program, including a television commercial, for Simplex's diabetes testing supplies business.

10.     Cricket created the brand "USAMedical" for marketing medical supplies, such as diabetes testing supplies.  Cricket registered the mark USAMEDICAL with the U.S. Patent and Trademark Office, Registration No. 3,593,445, issued March 17, 2009.

11.     A production company, Fred A. Paddock Productions, Inc. d/b/a Producers Direct Inc. ("Producers Direct"), was hired to shoot a television commercial ("The Commercial") for diabetes testing supplies using the USAMEDICAL mark.  Producers Direct prepared a first draft of a script for The Commercial in response to direction from Cricket, who then substantially revised and edited the script.  The script was sent to Simplex for its approval, and Simplex approved the script.

12.     On or about March 31, 2008, Producers Direct shot The Commercial under the supervision of Cricket, who then worked with Producers Direct during the post-production and editing phase to produce a final version of The Commercial.

13.     Prior to airing, The Commercial was sent to Simplex for its approval, and Simplex approved The Commercial.

14.     On April 15, 2008, Simplex and Cricket entered into a Marketing Agreement.

15.     The Agreement was thereafter replaced with an Amended and Restated Marketing Agreement between Simplex and USA Medical, which also had an effective date of April 15, 2008.  The Amended Agreement called for USA Medical to "develop a television commercial" using the USAMEDICAL mark, and to "secure air time for said commercial" in order to generate business leads for Simplex.  Simplex agreed to pay USA Medical a fee for every valid response generated through the commercial.

16.     Pursuant to the Amended Agreement, USA Medical purchased air time for The Commercial on various television channels throughout the country.  The Commercial first aired on or about April 29, 2008.

17.     The Commercial proved tremendously successful, generating significant business for Simplex and DCC, including tens of thousands of leads.  Upon information and belief, leads generated as a result of The Commercial were a major source of Simplex's new customer leads.

18.     On or about February 13, 2009, Simplex notified USA Medical that it was terminating the Amended Agreement, pursuant to a 60-day notice provision in the Agreement.

19.     As a result of Simplex's termination of the Amended Agreement, USA Medical stopped running The Commercial on or about April 10, 2009.

20.     Unknown to USA Medical or Cricket, Simplex and/or DCC produced their own television commercial for diabetes testing supplies.  The television commercial produced by Simplex is essentially a naked copy of The Commercial: the script is nearly identical, as are the scene selection, scene order and look and feel.  Even minute details, such as the reading displayed on a sample blood sugar monitor shown in The Commercial, were copied.

21.     Upon information and belief, Simplex and/or DCC used The Commercial as a basis for the production of its infringing television commercial.

22.     Upon information and belief, Simplex or DCC began airing its infringing commercial in or about May 2009 throughout the country, including Massachusetts.

23.     On or about May 28, 2009, Simplex was asked to stop running the infringing commercial.

24.     Simplex refused to stop running the infringing commercial, which continues to air on television stations throughout the country.

4

## COUNT I
### (Copyright Infringement)

25.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-24 above as if set forth fully herein.

26.     USA Medical is the owner of the copyright in The Commercial, which is the subject of Copyright Registration No. PAu003389005.  This copyright registration was duly issued by the United States Copyright Office on June 1, 2009, and is valid and subsisting.

27.     Defendants' acts alleged herein constitute violations of the exclusive rights of USA Medical under 17 U.S.C. §106, and constitute infringement under 17 U.S.C. §501.

28.     Defendants' acts alleged herein have been without authorization, permission, license or consent.

29.     Upon information and belief, Defendants' infringement is willful.

30.     Plaintiff has no adequate remedy at law and has suffered and will continue to suffer damage to its business, including loss of reputation for exclusivity for the television commercial, as a result of the acts of Defendants.

## COUNT II
### (Unfair Competition)

31.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-30 above as if set forth fully herein.

32.     Plaintiff expended considerable time, expense and creative effort in creating The Commercial.

33.     Defendants' copying of The Commercial is likely to confuse and mislead members of the trade, and has damaged the valuable brand created by Plaintiff.

34.     Defendants' unfair competition is continuing, and has been willful and intentional.

35.     Defendants' unfair competition has caused and continues to cause Plaintiff to suffer substantial damages.

36.     Defendants' unfair competition has caused and continues to cause Plaintiff to suffer irreparable harm for which there is no adequate remedy at law.

**WHEREFORE,** Plaintiff prays that judgment be entered by this Honorable Court in its favor and against Defendants, as follows:

a.      Preliminarily and Permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, privies, representatives, successors and assigns and all other persons acting in concert or participation with, or under authority, of the Defendants, from infringing Plaintiff's rights;

b.      Awarding Plaintiff all of its damages arising from Defendants' infringement of Plaintiff's rights;

c.      Ordering Defendants to account to Plaintiff for all of Defendants' profits;

d.      Preliminarily and Permanently enjoining Defendants from competing unfairly with Plaintiff;

e.      Preliminarily and Permanently enjoining Defendants from further diluting the distinctiveness of Plaintiff's creative works and brands, and awarding Plaintiff damages for the harm caused thereto;

f.      Awarding Plaintiff its costs and attorneys fees; and

g.      Awarding such other and further relief as this Honorable Court deems just and

proper.


**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.**


USA MEDICAL, LLC

By Its Attorneys,


 /s/ Michael R. Reinemann
Martin J. O'Donnell (BBO # 377475)
Michael R. Reinemann (BBO # 556808)
Cesari and McKenna, LLP
88 Black Falcon Avenue
Boston, Massachusetts 02210
Tel. (617) 951-2500


Dated:  June 11, 2009